UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL G. DORSEY #328769                    CIVIL ACTION

versus                                        NO. 07-036

STATE OF LOUISIANA                            SECTION: "A" (1)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Michael G. Dorsey, is a state prisoner incarcerated at the Rayburn Correctional Center, Angie, Louisiana. On October 30, 2002, he was found guilty of attempted molestation of a juvenile and attempted obstruction of justice in violation of Louisiana law.[2] On December 18, 2002, he was sentenced on the former conviction to a term of five years imprisonment and on the latter conviction to a term of one year imprisonment. It was ordered that his sentences run concurrently and that he be given credit for time served.[3] On January 8, 2003, he was found to be a fourth offender and was resentenced as such on the attempted molestation conviction to a term of twenty years imprisonment.[4] On December 31, 2003, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions and his sentence on the attempted obstruction of justice conviction; however, the court vacated the habitual offender adjudication and sentencing and remanded the matter.[5] On February 12, 2004, petitioner was again found to be a fourth offender and was resentenced as such on the attempted molestation conviction to a term of twenty years imprisonment without benefit of probation or suspension of sentence.[6] On March 24, 2005, the Louisiana First

---

[2] State Rec., Vol. III of III, transcript of October 30, 2002, p. 55; State Rec., Vol. I of III, minute entry dated October 30, 2002; State Rec., Vol. I of III, jury verdict forms.

[3] State Rec., Vol. III of III, transcript of December 18, 2002; State Rec., Vol. I of III, minute entry dated December 18, 2002.

[4] State Rec., Vol. III of III, transcript of January 8, 2003; State Rec., Vol. I of III, minute entry dated January 8, 2003.

[5] State v. Dorsey, No. 2003-KA-0978 (La. App. 1st Cir. Dec. 31, 2003) (unpublished); State Rec., Vol. III of III.

[6] State Rec., Vol. III of III, transcript of February 12, 2004; State Rec., Vol. III of III, Reasons for Judgment dated February 12, 2004; State Rec., Vol. I of III, minute entry dated February 12, 2004.

Circuit Court of Appeal affirmed that habitual offender adjudication and enhanced sentence.[7] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

On May 19, 2005, petitioner filed with the state district court an application for post-conviction relief which was denied on June 30, 2005.[8] He next filed with the Louisiana First Circuit Court of Appeal an application for a supervisory writ[9] which was denied on December 2, 2005.[10] He then filed with the Louisiana Supreme Court a related writ application[11] which was denied on November 22, 2006.[12]

On December 20, 2006, petitioner filed this federal application for *habeas corpus* relief.[13] In support of his application, he raises the following claims:

1. The trial court erred in allowing the introduction of "other crimes" evidence; and

2. Petitioner received ineffective assistance of counsel.

---

[7] State v. Dorsey, 907 So.2d 154 (La. App. 1st Cir. 2005).

[8] State Rec., Vol. II of III.

[9] Rec. Doc. 1, Exhibit B.

[10] State v. Dorsey, No. 2005-KW-1618 (La. App. 1st Cir. Dec. 2, 2005) (unpublished); State Rec., Vol. II of III.

[11] Rec. Doc. 1, Exhibit D.

[12] State *ex rel.* Dorsey v. State, 942 So.2d 546 (La. 2006) (No. 2006-KH-1126); State Rec., Vol. II of III. While that writ application was pending, petitioner returned to the state district court to file a motion to amend or modify sentence on April 3, 2006, as well as a motion to correct an illegal sentence on May 5, 2006, both of which were denied.

[13] Rec. Doc. 1.

The state concedes that petitioner's federal application is timely and that he exhausted his state court remedies.[14]

Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we

---

[14] Rec. Doc. 9.

> stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Hill, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

### Facts

On the first direct appeal, the Louisiana First Circuit Court of Appeals summarized the facts of this case as follows:

> S.M. [FN] was twelve years old at the time of her testimony at trial on October 29, 2002. S.M. had lived with her aunt Louisa, since the age of ten. The defendant was Louisa's boyfriend. The investigation resulting in the charges against defendant commenced when S.M. went to school with a black eye and, upon being questioned concerning the injury, revealed that Louisa had beaten her with a piece of a broomstick. Additionally, S.M. revealed that the defendant had touched her on her breasts and buttocks. According to S.M., after the investigation ensued, the defendant repeatedly told her to claim her allegations against him were lies, mistakes, or had been misunderstood.
>
> > [FN] The victim herein is referenced only by her initials. See LSA-R.S. 46:1844W.
>
> The State also presented testimony of K.R. at trial. At the time of her testimony at trial, K.R. was eighteen years old. K.R. revealed that when she was thirteen years old, the defendant had entered her bedroom, covered her mouth with his hand, and raped her. At the time of the rape, the defendant was K.R.'s stepfather. According to K.R., the defendant threatened to kill her if she ever told anyone about the rape.

>    The defendant also testified at trial and denied the charges made against him. He conceded he had used the name "Michael Williams" in an effort to evade the police concerning an unrelated matter. He indicated he was thirty-three years old.[15]

### "Other Crimes" Evidence

Petitioner's first claim is that the trial court erred in allowing the introduction of "other crimes" evidence, i.e. the testimony of K.R. regarding the prior rape. This claim was first raised by petitioner in his state post-conviction application. The state district court judge denied the claim on the ground that it "should have been raised on appeal."[16] The Louisiana First Circuit Court Appeal and the Louisiana Supreme Court then denied the claim without assigning reasons.[17]

As a preliminary matter, this Court notes that petitioner's claim is procedurally barred. Although the state did not raise the procedural default in its response, the Court may do so *sua sponte*. See Magouirk v. Phillips, 144 F.3d 348, 357-58 (5th Cir. 1998). Accordingly, ***petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the procedural bar and that petitioner must submit any evidence or argument concerning that issue as part of any objections he may file to this report.*** Id. at 348.

Regarding procedural bars, the United States Fifth Circuit Court of Appeals has held:

>    A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state

---

[15] State v. Dorsey, No. 2003-KA-0978, at p. 3 (La. App. 1st Cir. Dec. 31, 2003) (unpublished); State Rec., Vol. III of III.

[16] State Rec., Vol. II of III.

[17] State v. Dorsey, No. 2005-KW-1618 (La. App. 1st Cir. Dec. 2, 2005) (unpublished); State *ex rel.* Dorsey v. State, 942 So.2d 546 (La. 2006) (No. 2006-KH-1126); State Rec., Vol. II of III.

> court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision.  To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

It is clear that petitioner's claim was denied on procedural grounds.  As noted, the state district court rejected the claim on the ground that it should have been raised on appeal.  Because the appellate courts failed to assign reasons for likewise denying the claim, they are presumed to have similarly relied on the procedural default.  Id. ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.")

The procedural rule invoked with respect to the instant claims, i.e. that a post-conviction claim is waived if not asserted on direct appeal, is obviously independent of the merits of the federal claim.  Therefore, the Court needs only to determine whether that rule was "adequate."

"The [procedural bar] doctrine presumes that a state procedural ground is adequate ... and, ordinarily, the burden is on the habeas petitioner to demonstrate otherwise."  Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).  In order to establish that a state procedural rule is not "adequate," a petitioner bears the burden of showing that the state did not strictly or regularly follow the procedural rule.  Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997).  Here, petitioner has made no attempt whatsoever to establish that the rule was not strictly or regularly followed.

Moreover, in any event, it is clear that the procedural rule in question is an independent and adequate state court ground.  See Bell v. Cain, Civil Action No. 02-0259, 2002 WL 31002831, at *4 (E.D. La. Aug. 29, 2002) (Africk, J.); see also Gilkers v. Cain, Civil Action No. 05-841, 2006 WL 1985969, at *2 (E.D. La. May 30, 2006) (Duval, J.).

"When the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).  In the instant case, petitioner has demonstrated neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original).  Petitioner has made no effort in this federal proceeding to establish cause for his procedural default.[18]  In that he has not shown cause, "it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, this Court must determine whether the application of the procedural bar would result in a fundamental miscarriage

---

[18] For example, petitioner does not argue that his appellate counsel was ineffective in failing to assert the claim on appeal.  Further, since he has never argued to the state courts that his appellate counsel was ineffective in that regard, any such ineffective assistance of counsel claim would itself be procedurally defaulted. A procedurally defaulted ineffective assistance of counsel claim may not serve as "cause" for a procedurally barred claim unless plaintiff shows "cause and prejudice" for the defaulted ineffective assistance of counsel claim.  See Edwards v. Carpenter, 529 U.S. 446 (2000).  Petitioner makes no attempt whatsoever to make that showing.

of justice. In order to establish that there be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). The United States Fifth Circuit Court of Appeals has held:

> To demonstrate actual innocence, it is necessary that the petitioner show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt ... in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial.

Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998) (quotation marks and citations omitted). Applying that standard, the Court finds that petitioner does not make a persuasive showing that he is actually innocent of the charges against him. Therefore, he has not demonstrated that any miscarriage of justice will result from the application of the procedural bar. Accordingly, petitioner's claim regarding the admission of "other crimes" evidence is procedurally barred in this federal court.

Nevertheless, the Court notes that, even if this evidentiary claim were not procedurally barred, it has no merit. The United States Fifth Circuit Court of Appeals has noted that "[i]n habeas actions, [a federal court] does not sit to review the mere admissibility of evidence under state law." Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998). Rather, the Court of Appeals has noted:

> We will not grant habeas relief for errors in a trial court's evidentiary rulings unless those errors result in a "denial of fundamental fairness"

> under the Due Process Clause. The erroneous admission of prejudicial evidence will justify habeas relief only if the admission was a crucial, highly significant factor in the defendant's conviction.

Neal v. Cain, 141 F.3d 207, 214 (5th Cir. 1998) (citations omitted); see also Little, 162 F.3d at 862 ("[O]nly when the wrongfully admitted evidence has played a crucial, critical, and highly significant role in the trial will habeas relief be warranted."). In the instant case, petitioner's claim necessarily fails because it is evident that K.R.'s testimony was in fact *properly* admitted.

Petitioner argues that K.R.'s testimony was inadmissible under La. Code Evid. art. 404, the state's evidentiary general rule regarding the admissibility of "other crimes" evidence. However, article 404 was inapplicable in the instant case; rather, the admissibility of K.R.'s testimony was governed by La. Code Evid. art. 412.2, the state's specific evidentiary rule regarding the admissibility of "other crimes" evidence in cases involving certain sexual offenses. That article provides:

> A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
>
> B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
>
> C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.

La. Code Evid. art. 412.2. Long before trial, on September 19, 2002, the state filed into the record formal notice of its intent to present K.R.'s testimony.[19] That was all that was required; the article does not require a pretrial hearing to determine the admissibility of such evidence. State v. Williams, 830 So.2d 984 (La. 2002).[20]

       Petitioner also complains that no evidence was offered by the prosecution to "substantiate the accusation made by [K.R.]." However, article 412.2 contains no provision requiring such substantiation as a condition of admissibility.

       Petitioner next complains that the evidence regarding the alleged rape of K.R. was too dissimilar from the instant offense to be admissible. The Court disagrees. The incident involving K.R. allegedly occurred when she was thirteen, and petitioner was her stepfather. S.M. was of a similar age, and a similar relationship existed, i.e. petitioner was the boyfriend of S.M.'s mother. Although the incident involving K.R. was more serious, it was factually similar and relevant to show that petitioner's lustful disposition toward minor females in familial or quasi-familial settings.

---

[19] State Rec., Vol. I of III, "Notice Under LCE Article 412.2."

[20] Petitioner argues at length that the trial court failed to comply with the requirements set forth in State v. Prieur, 277 So.2d 126 (La. 1983). However, the Louisiana Supreme Court has made clear that Prieur is inapplicable to evidence admitted under article 412.2. Williams, 830 So.2d 984.

Petitioner also complains that defense counsel was not allowed to cross-examine K.R. about prior false allegations of sexual abuse. That is patently untrue. The trial judge expressly allowed such cross-examination.[21]

Lastly, petitioner complains that the trial judge failed to give a limiting instruction to the jury regarding K.R.'s testimony. There are two problems with that contention. First, whether such an instruction was given is an issue separate and distinct from the admissibility of K.R.'s testimony. Second, in any event, if such an instruction was desirable, it was incumbent on defense counsel to request it. La. Code Evid. art. 105 provides:

> When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. Failure to restrict the evidence and instruct the jury shall not constitute error absent a request to do so.

In the instant case, there is no indication that such a request was made, much less improperly denied.

Accordingly, for all of the foregoing reasons, the Court finds that petitioner has failed to establish that federal *habeas corpus* relief is warranted based on the admission of K.R.'s testimony.

### Ineffective Assistance of Counsel

Petitioner next claims that his counsel was ineffective. When this claim was presented in the state post-conviction proceedings, it was rejected without reasons assigned.

---

[21] State Rec., Vol. III of III, transcript of October 29, 2002, pp. 129-33. Moreover, defense counsel was also allowed to question K.R.'s mother about the allegedly false accusations. State Rec., Vol. III of III, transcript of October 29, 2002, pp. 145-46.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. See id. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the

relative role that the alleged trial errors played in the total context of [the] trial." Crockett, 796 F.2d at 793.

Petitioner bears the burden of proof when asserting an ineffective assistance of counsel claim. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. Strickland, 466 U.S. at 697.

A claim of ineffective assistance of counsel is a mixed question of law and fact. Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). Therefore, this Court must defer to the state court on such claims unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Court may quickly dispose of petitioner's ineffective assistance of counsel claim, in that his contentions clearly have no merit.

First, petitioner argues that counsel should have pursued a mistrial based on K.R.'s testimony. However, as noted previously in this opinion, K.R.'s testimony was properly admitted. Therefore, its admission would not serve as grounds for a mistrial.

Second, petitioner argues that counsel was ineffective in failing to require compliance with State v. Prieur, 277 So.2d 126 (La. 1983), and to request a pretrial hearing to determine the admissibility of K.R.'s testimony. However, as also noted previously in this opinion, Prieur is

inapplicable to evidence admitted under La. Code Evid. 412.2, and no pretrial hearing was required. State v. Williams, 830 So.2d 984 (La. 2002).

Third, petitioner argues that counsel was ineffective in failing to move for a mistrial on the basis that the prosecution had not timely provided discovery regarding K.R.'s testimony. However, there has simply been no showing that there was in fact a discovery violation in this case. The prosecution filed the article 412.2 notice long before trial, and the record indicates that all information regarding K.R.'s testimony was forwarded to defense counsel well in advance. The fact that defense counsel indicated that the information never made it into his file is of no moment, in that no attempt was made to follow-up on the discovery request prior to the first day of trial and the prosecution had no reason to know that the information had not been received or properly routed within the indigent defender's office.[22]

For all the foregoing reasons, the Court finds that petitioner has failed to demonstrate that the state court's decision rejecting his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court likewise rejects that claim.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Michael G. Dorsey be **DISMISSED WITH PREJUDICE**.

---

[22] See State Rec., Vol. III of III, transcript of October 29, 2002, pp. 121-22 and 125-29.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixteenth day of April, 2007.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**